924 F.2d 1059
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Donald L. TURNER, Plaintiff-Appellant,
v.
J. DEAN, Max Kennedy, Albright, Sgt., Tom Wing, Defendants-Appellees.
 No. 90-3202.
 United States Court of Appeals, Sixth Circuit.
 Jan. 30, 1991.
 
 Before KEITH and MILBURN, Circuit Judges, and CONTIE, Senior Circuit Judge.
 
 ORDER
 
 1
 Donald L. Turner appeals from the district court's order granting the defendants' motion for summary judgment and dismissing his civil rights complaint. The defendants include a corrections officer at the Marion Correctional Institution in Marion, Ohio, and three members of the Rules and Infractions Board (RIB) at that facility. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 In his complaint, Turner alleged that on March 9, 1986, he was attempting to report to work at the prison law library and was confronted by officer Dean, who thereafter filed a misconduct report, charging Turner with being out of place, creating a disturbance and disobeying an order. The prison Rules and Infraction Board (RIB) later found Turner guilty of disobeying an order and being out of place, but found him not guilty of creating a disturbance. Turner alleged that the defendants denied his constitutional right to equal protection under the laws. He also charged the members of the RIB with failing to correct this alleged wrong by condoning defendant Dean's alleged selective enforcement of prison policy.
 
 
 3
 The district court initially granted summary judgment to the defendants. On appeal, this court vacated the district court's decision because the court should have considered Turner's motion to amend the complaint to add a racial discrimination claim. On remand, the district court considered the racial discrimination claim, which was based solely on Turner's allegation that Dean instructed Turner, who is black, to return to his cell until the library opened, while Dean permitted two other inmates, who Turner later discovered were caucasian, to stand in front of the library door and read the library schedule. Upon review of this and all other claims by Turner, the district court again granted summary judgment to the defendants.
 
 
 4
 Upon review, this court concludes that the district court properly granted the defendants' motion for summary judgment for the reasons stated by that court. First, the appellant has not shown or alleged that the magistrate to whom his case was assigned was prejudiced or biased on a personal or extrajudicial basis, in order to justify his recusal under 28 U.S.C. Secs. 144 and 455. United States v. Sammons, 918 F.2d 592, 599 (6th Cir.1990); Wheeler v. Southland Corp., 875 F.2d 1246, 1251 (6th Cir.1989). Secondly, the members of the RIB were entitled to summary judgment, as there was evidence in the record to support a finding that Turner was guilty of the two charges for which he was punished. Superintendent v. Hill, 472 U.S. 445, 455-56 (1985); Turney v. Scroggy, 831 F.2d 135, 139-40 (6th Cir.1987).
 
 
 5
 Turner's contentions that he was denied equal protection and was a victim of racial discrimination in the administration of prison policy are also without merit. He has failed to prove that race was a motivating factor in the defendants' alleged wrongful acts or that the defendants acted with selective discriminatory purpose on the basis of race in enforcing prison regulations. Village of Arlington Heights v. Metropolitan Hous. Dev. Corp., 429 U.S. 252, 265 (1977); Charles v. Baesler, 910 F.2d 1349, 1357 (6th Cir.1990); Wesley v. Collins, 791 F.2d 1255, 1262 (6th Cir.1986).
 
 
 6
 Finally, Turner's claim that the transcript of the disciplinary hearing should have been stricken from the record is without merit, as other evidence in the record would nevertheless support the district court's determinations. Upon review of the findings of the prison board and the decision of the district court, we conclude that Turner has been afforded all process due under the requirements of Wolff v. McDonnell, 418 U.S. 539, 557 (1974), and Hill, 472 U.S. at 456.
 
 
 7
 Accordingly, the district court's order granting the defendants' motion for summary judgment is hereby affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.